UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| EROS, LLC, | : | CIVIL ACTION NO.: |
| Plaintiff, | : | |
| v. | : | JURY TRIAL DEMANDED |
| JOHN DOE, a/k/a VOLKOV CATTENEO, a/k/a AARON LONG, | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff Eros, LLC ("Eros") says the following by way of Complaint:

### NATURE OF THE ACTION

1. Eros is one of the most successful merchants doing business within the virtual world platform known as Second Life. Eros makes and sells virtual adult-themed objects within the Second Life platform.

2. Defendant John Doe, a/k/a Volkov Catteneo, a/k/a Aaron Long ("Defendant"), has been making and selling, and continues to make and sell numerous unauthorized copies of Eros's virtual products within Second Life using Eros's trademark in violation of the Lanham Act and the Copyright Act.

3. Eros brings this action to recover damages arising from and to enjoin defendant's violation of the Lanham and Copyright Acts.

### PARTIES AND JURISDICTION

4. Eros is a limited liability corporation organized under the laws of Florida having its principal place of business at 16207 September Drive, Lutz, Florida 33549.

5. Upon information and belief, defendant John Doe a/k/a/ Volkov Catteneo a/k/a Aaron Long ("Defendant"), whose actual identity is presently unknown to Eros, is an individual residing in the United States.

6. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121.

7. This Court has personal jurisdiction over defendant, and venue is proper within this District pursuant to 28 U.S.C. § 1391(a)(2) because defendant has purposefully directed his course of conduct and other infringing acts toward, and has injured, Eros, which is a entity having its principal place of business within this District, because a substantial part of the acts and omissions giving rise to the claims in this action occurred in this District, and because a substantial portion of the property that is the subject of this action is situated within this District.

## FACTUAL BACKGROUND

8. The Second Life virtual world platform ("Second Life") is an internet hosted interactive computer simulation which allows its participants to see, hear, use and modify the simulated objects in the computer generated environment. Second Life users adopt a Second Life name and a character or "avatar" to represent themselves virtually within Second Life.

9. Linden Research, Inc. ("Linden") owns and operates Second Life, which is currently hosted at http://secondlife.com. According to Linden, there are currently over 7 million different Second Life accounts. There are Second Life users throughout the United States and in many foreign countries.

10. At all times relevant to this Complaint and continuing to the date of the filing of this Complaint, by and through the "Terms of Service" governing users' participation in Second Life, Linden has recognized and allowed Second Life users to retain all intellectual property

rights in the digital content that they create, place or otherwise own within Second Life. As a result, Second Life users conduct significant commerce within Second Life each day. According to Linden, on a typical day Second Life users conduct transactions cumulatively involving well over 1 million dollars.

11. Eros is engaged in, *inter alia*, the sale of a number of adult-themed virtual objects for use within Second Life in interstate commerce to Second Life users throughout the United States and foreign countries.

12. Principally through the marketing efforts of Kevin Alderman, Eros's Chief Executive Officer (known within Second Life as "Stroker Serpentine"), Eros's products have become widely known within Second Life, with Mr. Alderman, Eros and Eros's products receiving substantial coverage from national and international technologically oriented media properties such as *ABC Australia*, *Wired*, *eBay Magazin*, *InformationWeek*, *iVillage*, and *Huff Report*.

13. Eros also routinely promotes its products throughout Second Life by placing advertisements and conducting promotional events within numerous virtual adult/social themed clubs within Second Life.

14. Eros's products have built a reputation within Second Life for performance, quality and value, and as a result, upon information and belief, are among the best selling adult-themed virtual objects within Second Life.

15. Two of these products are known as the SexGen Platinum Base Unit v4.01(hereinafter, "Item 1") and the SexGen Platinum+Diamond Base v5.01 ("hereinafter, "Item 2" and together with Item 1, the "Items"). True and correct screen shots depicting Item 1 and Item 2 as they appear within Second Life are attached as Exhibits "A" and "B", respectively.

16. Eros uses the SexGen trademark (the "Mark") to sell the Items within Second Life, and generally as a method of identifying a number of Eros's products, including but not limited to the Items.

17. Since 2005, Mr. Alderman, by and through Eros as well as a previous company that Mr. Alderman owned, has sold thousands of copies of the Items in interstate commerce to Second Life users in locations throughout the United States and in numerous foreign countries, using the Mark. Eros currently owns all rights in and to the Mark.

18. As a result of Eros's substantial sales of the Items, and Mr. Alderman's and Eros's promotional and advertising efforts, the Mark has become famous and distinctive among the relevant consuming public, serving to distinguish Eros's goods from those of its competitors and to identify Eros as the source of those goods.

19. On or about June 11, 2007, Eros filed an application to obtain federal trademark registration, serial number 77202601, for the Mark with the United States Patent and Trademark Office.

20. Eros offers the Items for sale within Second Life on a "no copy" basis, meaning that while Eros permits other Second Life users to, *inter alia*, transfer the Items that Eros sells to other Second Life users, Eros prohibits other Second Life users from making copies of the Items.

21. The Items are comprised of original material that is copyrightable.

22. Eros is the owner of the copyrights in the Items within the meaning of 17 U.S.C. § 101.

23. On or about June 25, 2007, Eros filed applications for copyright registrations for Item 1 and Item 2 with the United States Copyright Office. True and correct copies of the applications and other documents associated with the applications are attached as Exhibits "C"

24. Defendant maintains one or more accounts within Second Life, and is known as Volkov Catteneo within Second Life. On information and belief, based on information obtained through Eros's investigation of Defendant's activities, defendant is an adult male who has in connection with his other on-line activities listed his name as "Aaron Long." Eros does not know whether Aaron Long is a pseudonym.

25. Despite reasonable efforts, Eros does not presently know Defendant's true identity or address but intends to obtain this information by way of subpoenas directed to one or more internet service providers that are likely to have obtained said information from Defendant.

26. Beginning no later than in or about April, 2007, defendant has made and sold, using the Mark, numerous unauthorized copies of the Items, and derivative works based on the Items, within Second Life in interstate commerce to Second Life users in locations such as Georgia, West Virginia and Great Britain. In connection with the sales of the unauthorized copies of the Items, Defendant has misrepresented the copies as authorized and legitimate copies of the Items created by Eros, resulting in actual consumer confusion regarding the origin of the copies. A true and correct screen shot depicting an unauthorized copy of the Item that Eros has been able to obtain is attached as Exhibit "D."

27. Defendant's acts as described herein have at all times been and continue to be willful, wanton, malicious, and committed in bad faith, with the deliberate intent to deceive or confuse the consuming public, to harm Eros in its business by trading off of the reputation and goodwill associated with the Mark, and to unjustly profit from the fame of and goodwill associated with the Mark.

28. As a direct and proximate result of defendant's acts, Eros has been damaged and continues to be irreparably damaged through the diversion of sales, profits and consumer interest

from Eros to Defendant, and the creation of consumer confusion and uncertainty as to the source and quality of Eros's products and its affiliation with or sponsorship of Defendant.

29. Defendant will suffer no harm as the result of a grant preliminary and/or permanent injunctive relief in Eros's favor and against Defendant, as Defendant has no legal justification for his sale of unauthorized use of the Mark and infringement of Eros's copyrights, and is making no legitimate use of Eros's Mark and copyrights.

30. There is a substantial likelihood that Eros will succeed on the merits of its Lanham Act and Copyright Act claims against Defendant.

31. The public interest favors the entry of an injunction against Defendant to protect consumers in Florida and elsewhere from the confusion, diversion, and deception that has been and is likely to continue being caused by Defendant's illegal conduct.

## COUNT I
## LANHAM ACT VIOLATION-UNFAIR COMPETITION
## AND FALSE DESCRIPTION OF ORIGIN

32. Eros incorporates the allegations of paragraphs 1 through 31 as though set forth fully herein.

33. Defendant has falsely designated the origin of the unauthorized copies of the Items defendant has sold, and made false and misleading descriptions and representations of fact in the course of selling these copies.

34. Defendant's conduct as described above has caused confusion, mistake and deception as to the origin, sponsorship or approval by Eros of defendant's goods and commercial activities.

35. Defendant's conduct was willful.

36. As a direct and proximate result of Defendant's conduct, Eros has suffered and will continue to suffer damages from lost sales, the diversion of consumer interest, and injury to its business reputation and to the goodwill associated with its products and materials in an amount to be proven at trial.

37. Upon information and belief, Defendant continues to make unauthorized copies of the Items, and to make false and misleading descriptions and representations of fact in the course of selling these copies, and in the absence of an injunction prohibiting Defendant from doing so, intends to and will continue to do so in the future.

WHEREFORE, plaintiff Eros LLC demands judgment in its favor and against Defendant:

(a) awarding Eros an amount equal to three times the damages sustained by Eros or three times Defendant's profits, whichever amount is greater;

(b) awarding Eros prejudgment interest and costs of suit;

(c) awarding Eros reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(b);

(d) preliminarily and permanently enjoining Defendant from infringing the Mark, pursuant to 15 U.S.C. § 1116.

(e) requiring Defendant to deliver up for destruction all infringing copies of the Items bearing the Mark, and all articles by means of which infringing copies of the Items may be reproduced; and

(f) granting such other and further relief as the Court may deem just.

## COUNT II
## COPYRIGHT INFRINGEMENT

38. Eros incorporates the allegations of paragraphs 1 through 37 as though set forth fully herein.

39. By Defendant's conduct as described above, Defendant has infringed Eros's copyrights in the Items.

40. Defendant's infringement was willful.

41. As a direct and proximate result of Defendant's conduct, Eros has suffered damages.

42. Upon information and belief, Defendant is continuing to infringe Eros's copyrights in the Items by, *inter alia*, copying, displaying, distributing and selling copies of the Items, and derivative works based on the Items, without Eros's authorization, and in the absence of an injunction prohibiting Defendant from doing so, intends to and will continue to do so in the future.

WHEREFORE, plaintiff Eros LLC demands judgment in its favor and against Defendant:

(a) awarding Eros an amount equal to Eros's actual damages and any additional profits of Defendant, or in the alternative, statutory damages pursuant to 17 U.S.C. § 504;

(b) awarding Eros prejudgment interest and its costs of suit;

(c) awarding Eros reasonable attorneys' fees;

(d) preliminarily and permanently enjoining Defendant from infringing Eros's copyrights in the Items;

(e) requiring the impounding and destruction of all infringing copies of the Items and of all articles by means of which infringing copies of the Items may be reproduced, pursuant to 17 U.S.C. § 503; and

(f) granting such other and further relief as the Court may deem just.

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

*/s/ A. Villoch*
_____
Alfred Villoch III
Florida Bar No. 0631434
Sun Trust Financial Centre
401 E. Jackson Street, Suite 2500
Tampa, FL 33602-5236
Tel: (813) 222-8806
Fax: (813) 222-8189
alfred.villoch@bipc.com

Francis X. Taney, Jr., Esquire
1835 Market, 14th Floor
Philadelphia, PA 19103
(215) 665-8700
francis.taney@bipc.com

Attorneys for Plaintiff

Dated: July 3, 2007