UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| EROS, LLC, | : | CIVIL ACTION NO.: |
| Plaintiff, | : | |
| v. | : | JURY TRIAL DEMANDED |
| JOHN DOE, a/k/a VOLKOV CATTENEO, a/k/a AARON LONG, | : | |
| Defendant. | : | |

**PLAINTIFF'S *EX PARTE* EMERGENCY MOTION FOR LEAVE
TO ISSUE SUBPOENAS AND CONDUCT
RELATED DISCOVERY AND INCORPORATED
MEMORANDUM OF LAW**

Plaintiff Eros, LLC ("Eros"), by and through its undersigned counsel, moves this Court *ex parte* for leave to issue subpoenas and conduct related discovery, and as supporting grounds states as follows:

### I.   INTRODUCTION

Eros has brought this action under the Lanham Act and the Copyright Act to recover damages arising from and to enjoin Defendant's illegal copying and sale of Eros's virtual products within the Second Life virtual world platform. Eros does not presently know Defendant's true identity or address, and therefore seeks leave to issue and prosecute subpoenas to two entities that are likely to have information that will enable Eros to effect service of process on Defendant.

## II.     STATEMENT OF FACTS

### A.     Eros's Claims

Eros is engaged in the business of, *inter alia*, selling adult-themed virtual products within the Second Life virtual world platform owned and operated by Linden Research, Inc. ("Linden"). Complaint ¶ 1. Among the more popular items Eros sells are the SexGen Platinum Base Unit v4.01 and the SexGen Platinum+Diamond Base v5.01 (hereinafter, the "Items"). *Id.* ¶ 15. Eros has used and continues to use the "SexGen" mark (the "Mark") to sell the Items within Second Life. *Id.* ¶ 16.

Thousands of copies of the Items have been sold in interstate commerce to Second Life users in locations throughout the United States and in numerous foreign countries. *Id.* ¶ 17. As a result of these sales and the associated attendant marketing and promotional efforts, the Mark has become famous and distinctive among the relevant consuming public, serving to distinguish Eros's goods from those of its competitors and to identify Eros as the source of those goods. *Id.* ¶ 18. Eros owns the Mark and has filed an application to obtain federal trademark registration for the Mark with the United States Patent and Trademark Office. *Id.* ¶ 19.

Eros offers the Items for sale within Second Life on a "no copy" basis, meaning that while Eros permits other Second Life users to, *inter alia*, transfer the Items that Eros sells to other Second Life users, Eros prohibits other Second Life users from making copies of the Items. *Id.* ¶ 20. Eros owns the copyrights in the Items, and has filed applications for copyright registration for the Items with the United States Register of Copyrights. *Id.* ¶ 22-23.

Defendant John Doe maintains one or more accounts within Second Life, and is known as Volkov Catteneo within Second Life. *Id.* ¶ 24. Beginning no later than in or about April, 2007, Defendant has made and sold numerous unauthorized copies of the Items in interstate commerce within Second Life to Second Life users in locations such as Georgia, West Virginia and Great Britain, and in connection with the sales of the unauthorized copies of Items has misrepresented the copies as authorized and legitimate copies of the Items created by Eros. *Id.* ¶ 26.

### B.   Eros's Attempt to Discover Defendant's Identity

On information and belief, based on Eros's investigation of Defendant's activities, defendant is an adult male who has in connection with his other on-line activities listed his name as "Aaron Long." *Id.* ¶ 24. Eros does not know whether Aaron Long is a pseudonym. *Id.*

Regardless, to obtain a Second Life account, Defendant likely had to submit identifying information to Linden, including a name, address, telephone number and email address. Declaration of Kevin Alderman, attached to this Motion as Exhibit A ("Alderman Declaration") ¶ 9. Eros believes that Linden is also in possession of other records and information relating to Defendant's activities within Second Life, including records of Defendant's Second Life transactions, object transfers, conversations and alternative accounts, as well as information pertaining to Defendant's internet protocol or "IP" address(es) associated with Defendant's account(s) and credit card information used to purchase Second Life currency and virtual land from Linden. *Id.* ¶ 10.

Eros has also discovered that Defendant maintains an internet account with PayPal, Inc. ("PayPal") that Defendant uses from time to time to receive on-line payment

for sales of unauthorized copies of the Items. Alderman Declaration ¶ 6. Eros believes that PayPal is likely to have possession of identifying information provided by Defendant in connection with the creation of Defendant's PayPal account, including a name, address and telephone number and email address. *Id.* ¶ 7. Eros also believes that PayPal is likely to have other information relating to Defendant's use of the PayPal account, including a complete transaction history of payments sent and received by that account, banking information supplied to secure the account if applicable, withdrawals made from the account (and the identity of the accounts to which Defendant transferred money), and any IP address(es) associated with the account. *Id.* ¶ 8.

Linden's Terms of Service provide in pertinent part that Linden reserves the right to disclose all information provided by or relating to any Second Life user to third parties in Linden's sole discretion. *Id.* ¶ 11. PayPal's Terms of Service provide that PayPal may disclose user information in response to, *inter alia,* a subpoena or court order. *Id.* ¶ 12.

Prior to instituting this lawsuit Eros asked Linden and PayPal to voluntarily provide to Eros the information referenced above. *Id.* ¶ 13. Neither Linden nor PayPal provided the requested information. *Id.* ¶ 13.

Eros also believes, as a result of its investigation, that Defendant maintains an email account at humanwormbaby555@gmail.com. *Id.* ¶ 14. Prior to instituting this lawsuit, Eros sent emails to Defendant at this email address, and electronic messages to Defendant within Second Life using the Second Life messaging system, informing Defendant of Eros's intent to bring this lawsuit and asking Defendant to provide Eros with Defendant's name and address to enable Eros to deliver the papers to Defendant. *Id.* Defendant did not provide identifying information. *Id.* Eros also served copies of the

Complaint, this Motion and accompanying papers on the Defendant by email at this address, and by electronic message to Defendant within Second Life using the Second Life messaging system. *Id.* ¶ 15.

Eros has prepared proposed forms of subpoenas addressed to Linden and PayPal, copies of which are attached as Exhibits 1 and 2 to Eros's proposed form of Order in connection with this Motion. Alderman Declaration ¶ 16. Eros would use the information sought by these subpoenas to determine Defendant's true identity and address, amend the Complaint to include this information, and effect service of process on Defendant. *Id.* ¶ 17. For the following reasons, Eros respectfully requests that the Court grant Eros's motion and allow Eros to issue the subpoenas and conduct appropriate follow up discovery activities associated with the subpoenas.

### III.   ARGUMENT

#### A.   General Standards Governing Discovery

F.R.Civ.P. 26(b)(1) provides that:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. *See Herbert v. Lando*, 441 U.S. 153, 177, 99 S.Ct. 1635 (1979); *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385 (1947).

F.R.Civ.P. 26(d) provides that except when, *inter alia*, authorized by Order, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). Here, Eros cannot confer with Defendant because Eros does not yet know Defendant's true identity or address. Eros therefore seeks an Order allowing the issuance of subpoenas directed to two entities seeking information reasonably calculated to allow Eros to discover this information and prosecute Eros's claims. As Eros will show, the information Eros seeks is plainly discoverable, and Eros's request for relief from Rule 26(d) is warranted and appropriate under the circumstances.

### B. The First Amendment Does Not Protect The Information Sought From Discovery, And Eros's Intended Use of Subpoenas Is Otherwise Appropriate.

While Courts have recognized that the First Amendment protects the right to speak anonymously, on the internet and elsewhere, this protection is not absolute. *Sony Music Entertainment Inc. v. Does 1-40*, 326 F.Supp. 2d 556, 562-63 (S.D. N.Y. 2004). In particular, the First Amendment does not protect copyright infringement or other violations of others' intellectual property rights. *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 555-56, 569 105 S.Ct. 2218 (1985); *In Re Capital Cities/ABC, Inc.*, 918 F.2d 140, 143 (11th Cir. 1990). For the reasons that follow, even assuming *arguendo* that Defendant's illegal copying and sale of Eros's products qualifies as "speech", the First Amendment does not protect the information Eros seeks to obtain from discovery.

While Eros has not uncovered any controlling 11th Circuit precedent on this precise issue, Eros submits that the *Sony Music* case, *supra*, and the cases cited therein, provide useful guidance here. In *Sony Music*, the court noted that in cases involving

subpoenas seeking information from internet service providers and other entities regarding otherwise anonymous subscribers or other persons who are parties to litigation, courts have considered the following factors to weigh the need for disclosure against First Amendment interests: (1) a concrete showing of a prima facie claim of actionable harm; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim; and (5) the party's expectation of privacy. *Id.* at 564-65 (citations omitted). All of these factors favor grant of Eros's motion here.

First, Eros has made an adequate prima facie showing of trademark and copyright infringement. Count I of the Complaint states a claim under the Lanham Act for false designation of origin. This claim requires that Eros establish (1) that it had trademark rights in the mark or name at issue and (2) that the other party had adopted a mark or name that was the same, or confusing similar to its mark, such that consumers were likely to confuse the two. *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 358 (11th Cir. 1997), *modified on rehearing on other grounds*, 122 F.3d 1379 (11th Cir. 1997).

The Complaint adequately alleges these elements. At paragraphs ¶¶ 11-19, the Complaint alleges that Eros has rights in the mark by virtue of its ownership and use of the Mark to sell the Items in interstate commerce. At paragraphs ¶¶ 26-29, the Complaint alleges that Defendant has used the Mark to sell unauthorized copies of the Items and that Defendant's use of the Mark has caused actual confusion among consumers. These allegations suffice to establish a prima facie claim of actionable harm for false designation of origin.

Count II states a claim for copyright infringement. To prevail on a copyright infringement claim, a plaintiff must prove ownership of a valid copyright, as well as copying of the constituent elements of the work that are original. *Portionpac Chemical Corp. v. Sanitech Systems, Inc.*, 217 F. Supp. 2d 1238, 1244 (M.D. Fla. 2002) (citing *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345, 111 S.Ct. 1282 (1991)). The Complaint adequately alleges these elements at ¶¶ 20-23 (alleging ownership of copyrights in the Items and filing of copyright registration applications) and ¶ 26 (alleging copying of the Items by Defendant). Therefore, Eros has established a prima facie right to the relief sought, and this first factor favors Eros. *See Sony* Music, 326 F.Supp. 2d at 565; *Columbia Insurance Co. v. Seescandy.com*, 185 F.R.D. 573, 579-80 (N.D. Cal. 1999).

As for the second factor, the information Eros seeks is sufficiently specific and reasonably calculated to lead to discovery of the information necessary to determine Defendant's identity and address. Eros seeks from Linden and PayPal the identifying information Defendant provided to obtain his accounts as well as pertinent information relating to Defendant's activities relating to these accounts, including transactions, account numbers and IP addresses. Alderman Declaration ¶¶ 7-10, 16-17. This information is clearly calculated to enable Eros to determine Defendant's identity and address, thereby enabling Eros to effect service of process and prosecute its claims. Thus, this factor favors Eros. *See Sony* Music, 326 F.Supp. 2d at 566; *Seescandy.com*, 185 F.R.D. at 578, 580.

The third factor favors Eros because Eros, after reasonable efforts, including making requests of the two entities of which Eros is aware that are likely to have accurate

8

information relating to Defendant, and attempting to contact Defendant directly on-line, has been unable to determine Defendant's true identity and address. (Alderman Declaration ¶¶ 13-14). *See Sony* Music, 326 F.Supp. 2d at 566; *Seescandy.com*, 185 F.R.D. at 579.

The fourth factor favors Eros because Eros needs the information sought to advance the claim, because absent the information, Eros will be unable to serve process. *See Sony*, 326 F. Supp. 2d at 566; *In Re Subpoena Duces Tecum to America Online, Inc.*, Case No. 40570, 2000 WL 1210372 at *1 (Va. Cir. Ct. Jan. 31, 2000).

The fifth and final factor favors Eros because both Linden and PayPal advise all users who supply information that they reserve the right to disclose the information in response to a valid subpoena. *See* Alderman Declaration ¶¶ 11-12. Under these circumstances, Defendant has no legitimate expectation that Defendant's information would be kept private and immune from discovery. *Sony Music*, 326 F. Supp. 2d at 566-67; *In Re Verizon Internet Servs., Inc.*, 257 F. Supp. 2d 244, 260-61 (D. D.C. 2003), *rev'd on other grounds Recording Indus. Ass'n of America, Inc. v. Verizon Internet Servs., Inc.*, 351 F.2d 1229 (D.C. Cir. 2003).

In sum, under the principles set forth in cases such as *Sony Music*, *Verizon*, *America Online* and *Seescandy.com*, the First Amendment does not shield the requested information from disclosure, and Eros's requests are otherwise appropriate.

IV.    CONCLUSION

For the foregoing reasons, plaintiff Eros LLC respectfully requests that the Court grant Eros's motion and allow Eros to issue subpoenas in the form attached as Exhibits 1 and 2 to Eros's proposed form of Order (which is itself attached to this Motion as Exhibit B).

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

*/s/ A. Villoch*
_____
Alfred Villoch, III
Florida Bar No. 0631434
Sun Trust Financial Centre
401 E. Jackson Street, Suite 2500
Tampa, FL 33602-5236
Tel: (813) 222-8806
Fax: (813) 222-8189
alfred.villoch@bipc.com

Francis X. Taney, Jr., Esquire
1835 Market, 14th Floor
Philadelphia, PA 19103
(215) 665-8700
francis.taney@bipc.com

Attorneys for Plaintiff