UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| EROS, LLC, | : CIVIL ACTION NO.: 8:07-CV-01158-5CB-TEW |
|---|---|
| Plaintiff, | : |
| v. | : JURY TRIAL DEMANDED |
| JOHN DOE, a/k/a VOLKOV CATTENEO, a/k/a AARON LONG, | : |
| Defendant. | : |

PLAINTIFF'S SECOND EX PARTE EMERGENCY MOTION FOR
LEAVE TO ISSUE SUBPOENAS AND CONDUCT RELATED
DISCOVERY AND INCORPORATED MEMORANDUM OF LAW

I.     INTRODUCTION

Plaintiff, Eros, LLC ("Eros"), by and through its undersigned counsel, moves this Court *ex parte* for leave to issue subpoenas and conduct related discovery, and as supporting grounds states as follows:

II.    STATEMENT OF FACTS AND RELEVANT PROCEDURAL HISTORY

This case arises from Defendant's infringement of Eros's copyrights and misuse of Eros's trademarks with respect to Eros's virtual products, known as the SexGen Platinum Base Unit v4.01 and the SexGen Platinum+Diamond Base v5.01 (collectively, the "Items"). Eros previously set forth the facts giving rise to the action, and supporting Eros's previous request for leave to issue subpoenas in the Memorandum of Law in support of Eros's *ex parte* motion for leave to issue subpoenas (hereinafter, the "First Motion"). Eros incorporates the First Motion by reference as though set forth fully herein, and respectfully refers the Court to the First Motion for

these underlying facts. For the Court's convenience, Eros attaches the First Motion hereto as Exhibit A. Eros sets forth the following additional facts in support of the present motion below.

On July 3, 2007, Eros filed an *ex parte* motion for leave to issue subpoenas, which the Court granted on July 5, 2007. On July 6, 2007 Eros served subpoenas on Linden Research, Inc. ("Linden") and PayPal, Inc.("PayPal"), both with return dates of July 20, 2007. Second Declaration of Kevin Alderman ("Dec."), attached as Exhibit B, at ¶ 3. Linden requested and Eros granted an extension of time until August 3, 2007 to respond to the subpoena. *Id.* Linden eventually produced certain information responsive to the subpoena on August 3 and 7, 2007. *Id.* PayPal produced certain information responsive to the subpoena on July 18, and in response to follow up inquiries from counsel, again on July 26, 2007. *Id.*

On or about July 3, 2007, defendant apparently gave an interview to a Reuters reporter within Second Life (i.e. "in world") and in the course of these in world interviews claimed that he had provided false identifying information to both Linden and PayPal and that he had no permanent address in real life. Dec. ¶ 4. Defendant also admitted to selling 50 copies of the Items, and claimed to have given the proceeds to another person. *Id.*

In connection with its ongoing investigation into defendant's identity, Eros has obtained information relating to defendant's purported real name from various sources. Dec. ¶ 5. Nevertheless, Eros is not yet certain whether this information is correct, especially in light of defendant's comments. *Id.* Eros therefore seeks additional information, described below, that is calculated to enable Eros to determine defendant's identity.

In connection with this investigation, Eros has also obtained a number of internet protocol or "IP" addresses associated with defendant's internet activity. Dec. ¶ 6. Eros has determined that the Internet Service Providers or "ISPs" associated with these IP addresses are

Southwest Bell, now part of AT&T, Inc. ("AT&T") and Charter Communications, Inc. ("Charter"). *Id.* ¶ 7.

Eros is aware that AT&T and Charter Communications typically require prospective account holders to submit identifying information, including a name, address, telephone number, email address and payment information. Dec. ¶ 8. Eros also understands that AT&T and Charter Communications are likely to possess Media Access Control ("MAC") and/or Ethernet Hardware Address ("EHA") numbers relating to defendant's use of the IP addresses defendant used to access the Second Life service. *Id.* ¶ 9. MAC and EHA numbers allow identification of the actual computer or other computer hardware associated with the use of a particular IP address. *Id.*

AT&T's Privacy Policy, currently at http://www.att.com/gen/privacy-policy?pid=2506, provides in pertinent part that AT&T may disclose customer information in order to comply with court orders, subpoenas or other legal or regulatory requirements. Dec. ¶ 10. Charter Communications' privacy policies for high speed internet customers, currently at http://www.charter.com/Visitors/YourPrivacyRights.aspx?PrivacyRight=3 state in pertinent part that Charter may disclose customer information to third parties as required by law or legal process. *Id.* ¶ 11. Eros asked AT&T and Charter Communications to provide the identifying information associated with the account holders associated with these IP addresses, and AT&T and Charter Communications declined to do so in the absence of a subpoena. *Id.* ¶ 12.

Eros seeks leave to issue subpoenas directed to AT&T and Charter Communications to obtain the identifying information defendant submitted in connection with obtaining accounts with those companies, records relating to defendant's use of those accounts, and the MAC numbers relating to the computer and hardware defendant used to infringe Eros' intellectual

property rights in the Items. The proposed forms of subpoenas are attached as Exhibits 1 and 2 to Eros's proposed form of Order, which is itself attached to this Memorandum as Exhibit C. For the following reasons, the Court should grant Eros's motion and grant Eros leave to issue the subpoenas and conduct appropriate follow up discovery related to the subpoenas.

### III.   ARGUMENT

#### A.   General Standards Governing Discovery

Rule 26(b)(1) of the Federal Rules of Civil Procedure (the "Civil Rules") provides that:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. *See Herbert v. Lando*, 441 U.S.153, 177; 99 S.Ct. 1635 (1979); *Hickman v. Taylor*, 329 U.S. 495, 507; 67 S.Ct. 385 (1947).

Civil Rule 26(d) provides that except when, *inter alia*, authorized by Order, a party may not seek discovery from any source before the parties have conferred as required by Civil Rule 26(f). Here, Eros cannot confer with Defendant because Eros does not yet know Defendant's true identity or address. Eros therefore seeks an Order allowing the issuance of subpoenas directed to two entities seeking information reasonably calculated to allow Eros to discover this information and prosecute Eros's claims. As Eros will show, the information Eros seeks is plainly discoverable, and Eros's request for relief from Civil Rule 26(d) is warranted and appropriate under the circumstances.

  B. **The First Amendment Does Not Protect The
Information Sought From Discovery, And Eros's
<u>Intended Use of Subpoenas Is Otherwise Appropriate</u>**

  Eros would like to avoid naming the wrong person as a defendant in this lawsuit. Especially in light of defendant's refusal to identify himself and repeated claims that he provided false information to Linden and lacks a permanent address, it is appropriate for Eros to obtain information that will corroborate the information Eros currently has regarding defendant's identity. Eros therefore brings this motion seeking leave to issue subpoenas directed toward two internet service providers ("ISPs") likely to have such information.

  As set forth in the First Motion, Eros submits that the standards set forth in *Sony Music Entertainment Inc. v. Does 1-40*, 326 F.Supp. 2d 556 (S.D. N.Y. 2004), while not controlling precedent for this Court, provide useful guidance here. In *Sony Music*, the court noted that in cases involving subpoenas seeking information from internet service providers and other entities regarding otherwise anonymous subscribers or other persons who are parties to litigation, courts have considered the following factors to weigh the need for disclosure against First Amendment interests: (1) a concrete showing of a prima facie claim of actionable harm; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim; and (5) the party's expectation of privacy. *Id.* at 564-65 (citations omitted). As with the First Motion, all of these factors favor grant of Eros's motion here.

  The facts bearing on the first factor, a concrete showing of actionable harm, have not changed. As explained in the First Motion at 7-8, Eros's complaint sets forth viable claims for copyright infringement and false designation of origin, thereby satisfying the requirement of a

concrete showing of a prima facie claim of actionable harm. *See Sony* Music, 326 F.Supp. 2d at 565; *Columbia Insurance Co. v. Seescandy.com*, 185 F.R.D. 573, 579-80 (N.D. Cal. 1999).

The second factor favors the grant of this motion as well. Eros seeks specific categories of information calculated to assist Eros in identifying defendant. With respect to AT&T and Charter, Eros seeks information calculated to enable Eros to identify defendant through the information defendant provided to obtain accounts with AT&T and Charter and the MAC number information relating to the computer(s) defendant used to infringe Eros's intellectual property. Thus, Eros satisfies the second *Sony* factor. *See Sony* Music, 326 F.Supp. 2d at 566; *Seescandy.com*, 185 F.R.D. at 578, 580.

Similarly, the third factor favors Eros. This is because Eros is not able to obtain the requested information by means short of a subpoena. *See Sony* Music, 326 F.Supp. 2d at 566; *Seescandy.com*, 185 F.R.D. at 579.

As was the case with the First Motion, Eros also satisfies the fourth *Sony* factor. Eros requires the information at issue to determine and corroborate Defendant's identity, and serve process on Defendant. *See Sony*, 326 F. Supp. 2d at 566; *In Re Subpoena Duces Tecum to America Online, Inc.*, Case No. 40570, 2000 WL 1210372 at *1 (Va. Cir. Ct. Jan. 31, 2000).

Finally, Eros satisfies the fifth *Sony* factor. AT&T and Charter advise their customers that they may disclose customer information to third parties in response to Court Orders or legal process. Defendant could have had no reasonable expectation that the information submitted to AT&T and Charter would remain shielded from discovery under the circumstances. *Sony Music*, 326 F. Supp. 2d at 566-67; *In Re Verizon Internet Servs., Inc.*, 257 F. Supp. 2d 244, 260-61 (D. D.C. 2003), *rev'd on other grounds Recording Indus. Ass'n of America, Inc. v. Verizon Internet Servs., Inc.*, 351 F.2d 1229 (D.C. Cir. 2003).

In sum, under the principles set forth in cases such as *Sony Music, Verizon, America Online* and *Seescandy.com*, the First Amendment does not shield the requested information from disclosure, and Eros's requests are otherwise appropriate. Eros respectfully submits that the Court should grant Eros's motion and grant Eros leave to issue the subpoenas attached as Exhibits 1 and 2 to Eros's proposed form of Order.[1]

### IV.   CONCLUSION

For the foregoing reasons, plaintiff Eros LLC respectfully requests that the Court grant Eros's motion and allow Eros to issue subpoenas in the form attached as Exhibits 1 and 2 to Eros's proposed form of Order (which is itself attached to this Motion as Exhibit C).

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

*/s/ A. Villoch*

Alfred Villoch, III
Florida Bar No. 631434
Sun Trust Financial Centre
401 E. Jackson Street, Suite 2500
Tampa, FL 33602-5236
Tel: (813) 222-8180
Fax: (813) 222-8189
alfred.villoch@bipc.com

Francis X. Taney, Jr., Esquire
1835 Market, 14th Floor
Philadelphia, PA 19103
(215) 665-8700
francis.taney@bipc.com

Attorneys for Plaintiff

---

[1] Due to potential confidentiality concerns, Eros has not reproduced the IP numbers at issue in the proposed subpoenas filed in the public record, but would include these IP numbers in the subpoenas that would issue to AT&T and Charter.