# EXHIBIT C

Dockets.Justia.com

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

EROS, LLC,                                    : CIVIL ACTION NO.:  8:07-CV-01158-5CB-TEW
                                              :
       Plaintiff,                          :
                                              :
          v.                             : JURY TRIAL DEMANDED
                                              :
JOHN DOE, a/k/a VOLKOV CATTENEO, :
a/k/a AARON LONG,                             :
                                              :
       Defendant.                          :
                                              :

### ORDER GRANTING PLAINTIFF'S SECOND *EX PARTE*
### MOTION FOR LEAVE TO ISSUE SUBPOENAS

**THIS CAUSE** is before the Court upon Plaintiff's Second *Ex Parte* Motion for Leave to

Issue Subpoenas.  After carefully considering the Motion, and being otherwise fully advised in

the premises, the Court finds as follows:

     1.     Plaintiff has made a concrete showing of a prima facie claim of actionable harm;

     2.     The discovery Plaintiff seeks is reasonably and appropriately specific;

     3.     Plaintiff has no reasonable alternative means of obtaining the information sought;

     4.     Plaintiff has a central need for the discovery sought in order to advance its claims;

and

     5.     Defendant had no reasonable expectation under the circumstances that the

information Plaintiff seeks would be immune from discovery.

    **IT IS ACCORDINGLY ORDERED AND DECREED THAT:**

    Plaintiff is hereby granted leave to issue subpoenas addressed to AT&T, Inc. and Charter

Communications, Inc. in substantially the forms attached to this Order as Exhibits "1" and "2"

respectively, and to prosecute those subpoenas as may be necessary.

BY THE COURT:

_____

United States District Judge

cc: Counsel of record

# EXHIBIT 1

AO 88 (11/91) Subpoena in a Civil Case

# United States District Court
# WESTERN DISTRICT OF TEXAS

### SUBPOENA IN A CIVIL CASE

**United States District Court for the Middle District of Florida**

EROS, LLC

v.

JOHN DOE, a/k/a VOLKOV CATTENEO,
a/k/a AARON LONG

CASE NUMBER:
8:07-CV-01158-5CB-TEW

TO:    AT&T, Inc.
Attn: Ms. Rhonda Compton
Mgr. Legal Compliance
130 Travis St. Rm 3P01
San Antonio, Texas 78205

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME. |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
**SEE EXHIBIT "A" ATTACHED**

| PLACE | DATE AND TIME |
|---|---|
| Buchanan Ingersoll & Rooney PC c/o Francis X. Taney, Jr., Esquire 1835 Market, 14th floor Philadelphia, PA 19103 | |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Alfred Villoch III, Esquire
Buchanan Ingersoll & Rooney PC
Sun Trust Financial Centre
401 E. Jackson Street, Suite 2500
Tampa, FL 33602-5236

813-222-8806

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (I) fails to allow reasonable time for compliance;
        (II) requires a person who is not a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(III) of this rule, such a person may in

order to attend the trial be commanded to travel from any such place within the state in which the trial is held, or
        (III) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
        (IV) subjects a person to undue burden.
    (B)) If a subpoena
        (I) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (II) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (III) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT A**

**Definitions and Instructions**

The following definitions and instructions apply to this request:

1.      The word "document" or "documents" is used in its broadest sense.  By way of example only, "document" or "documents" mean any handwritten, printed, typed, recorded, photographic, computer generated, or other graphic matter of any kind or nature, however produced or reproduced, including, but not limited to, books, ledgers, notebooks, letters, faxes, telexes, correspondence, telegrams, contracts, agreements, notes, memoranda, electronic mail ("e-mail" messages), analyses, reports, projections, charts, graphs, drawings, photographs, videotapes, movies, audiotapes, checks, statements, statements of accounts, inter-office and intra-office communications, offers, notes of conversations, notes of meetings, notes of telephone calls, bulletins, computer programs, computer printouts, teletypes, invoices, work sheets, work papers, diaries, calendars, minutes, reports of investigations, office manuals, and any other communications fixed in a tangible medium, including but not limited to material stored electronically or electromagnetically as well as all mechanical and electronic sound records, or transcripts thereof, from which information can be obtained.  "Document" or "documents" shall also include all drafts, alterations, modifications, changes, and amendments of any of the foregoing; "documents" shall also include any and all things subject to discovery pursuant to the Federal Rules of Civil Procedure.

2.      "All documents" shall mean every document, whether an original or copy, known to you, and every such document or writing which you can locate or discover by reasonably diligent efforts.

3.      "Plaintiff" or means Eros, LLC and any parent, division, subsidiary, predecessor, or affiliate as well as any attorney, accountant, director, officer, employee, agent, representative or any other person or entity acting or purporting to act under the direction, supervision or control of any of the foregoing.

4.      "You" or "AT&T" means AT&T, Inc. and any parent, division, subsidiary, predecessor, or affiliate as well as any attorney, accountant, director, officer, employee, agent, representative or any other person or entity acting or purporting to act under the direction, supervision or control of any of the foregoing.

5.      "IP Addresses" shall mean the following Internet Protocol addresses used on the following dates at the following times:

**Redacted**

6.      "Account Holder" shall mean the Charter customer associated with the use of the IP Addresses.

7.      "MAC number" shall mean media access control number, ethernet hardware address number, or similar identifying number.

8.      "Concerning" shall mean directly or indirectly, in whole or in part, referring to, relating to, connected with, commenting on, relevant to, impinging or impacting upon, affecting, responding to, showing, describing, representing, supporting, contradicting, stating, mentioning, showing, evaluating, recording, noting, analyzing, reflecting, constituting, addressing, comprising, concerning, containing, dealing with, disclosing, discussing, evidencing, explaining, memorializing, pertaining to, setting forth, or summarizing, the subject matter described.

9.      The singular form of a word shall be interpreted as the plural and the plural form of a word shall be interpreted as the singular whenever appropriate in order to bring within the

scope of these document requests any information or documents which might otherwise be considered to be beyond their scope.

10.    Unless otherwise indicated above, any defined terms in the pleadings shall retain the same meanings herein.

11.    The terms "all" and "each" shall be construed as all and each.

12.    Words used in the masculine gender include the feminine and neuter genders.

13.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these document requests all information or documents that might otherwise be construed to be outside of their scope.

14.    The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense as necessary to bring within the scope of these document requests all information or documents that might otherwise be construed to be outside their scope.

15.    Responses are to be supplemented to the full extent required by the Federal Rules of Civil Procedure, and each such document request shall be construed to include any supplemental information, documents, knowledge or data responsive to these document requests that later is discovered by you or otherwise becomes available.  These document requests require you to provide all information and documents available to you, including all information available to you through any associated entity, affiliate, employee or agent thereof.

16.    If any document request cannot be responded to in full, respond to the extent possible and specify the reasons for your inability to respond.

17.    Each document request shall be construed separately, and no document request should be used to construe any other document request more narrowly than it otherwise would be construed.

18.    If you refuse to answer any of the following document requests in whole or in part, based on a claim that the information or documents is privileged, you shall provide a statement, signed by an attorney representing you, setting forth as to each such document request:  (a) the name and title or position of all persons who know about the information and/or documents; (b) the name and title or position of recipients of the information and/or documents; (c) the place, date and manner in which the information and/or documents were created; (d) a general description of the subject matter or nature of the information and/or documents sufficient to assess whether the assertion of the privilege is valid; (e) a statement of the basis for the claim of privilege; (f) the file(s) or other place(s) of storage in which the information and/or documents is maintained; and (g) with respect to any claim of privilege relating to an attorney, his or her action, advice, or work product, and the attorney or attorneys involved.

19.    Each document request is to be answered separately and as completely as possible.  The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to respond to each document request as fully as possible.

20.    "Communication" means any manner or means of disclosure, transfer, or exchange of information whether orally or by document, or whether face-to-face, by telephone, mail or personal delivery.

21.    "All communications" shall mean every communication fixed in a tangible medium, whether an original or copy, known to you, and every such communication which you can locate or discover by reasonably diligent efforts.

## Categories of Documents Requested

1.     Documents sufficient to show the entirety of any identifying information provided by the Account Holder to AT&T, including but not limited to name, address(es), telephone number(s) and email address(es).

2.     Documents sufficient to identify any and all alternate accounts held by the Account Holder.

3.     Documents sufficient to show all MAC Address(es) associated with the Account Holder.

4.     Documents sufficient to show the complete internet connection records associated with the Account Holder's use of the IP Addresses.

5.     Documents sufficient to show all information provided by the Account Holder to AT&T concerning credit card or other payment methods the Account Holder used to pay AT&T any sum or fee in connection with any account, product or service the Account Holder purchased, licensed or otherwise obtained from AT&T.

# EXHIBIT 2

AO 88 (11/91) Subpoena in a Civil Case

# United States District Court
## EASTERN DISTRICT OF MISSOURI

### SUBPOENA IN A CIVIL CASE

**United States District Court for the Middle District of Florida**

EROS, LLC

v.

JOHN DOE, a/k/a VOLKOV CATTENEO,
a/k/a AARON LONG

CASE NUMBER:
8:07-CV-01158-5CB-TEW

TO:    Charter Communications, Inc.
       Attn: Legal Department
       12405 Powerscourt Drive
       St. Louis, Missouri 63131-3674

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME. |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE EXHIBIT "A" ATTACHED

| PLACE | DATE AND TIME |
|---|---|
| Buchanan Ingersoll & Rooney PC c/o Francis X. Taney, Jr., Esquire 1835 Market, 14th floor Philadelphia, PA 19103 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Alfred Villoch III, Esquire
Buchanan Ingersoll & Rooney PC
Sun Trust Financial Centre
401 E. Jackson Street, Suite 2500
Tampa, FL 33602-5236
813-222-8806

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (11/91) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

_____

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

_____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(I) fails to allow reasonable time for compliance;

(II) requires a person who is not a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(III) of this rule, such a person may in

order to attend the trial be commanded to travel from any such place within the state in which the trial is held, or

(III) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(IV) subjects a person to undue burden.

(B)) If a subpoena

(I) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(II) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(III) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT A**

**Definitions and Instructions**

The following definitions and instructions apply to this request:

1.      The word "document" or "documents" is used in its broadest sense.  By way of example only, "document" or "documents" mean any handwritten, printed, typed, recorded, photographic, computer generated, or other graphic matter of any kind or nature, however produced or reproduced, including, but not limited to, books, ledgers, notebooks, letters, faxes, telexes, correspondence, telegrams, contracts, agreements, notes, memoranda, electronic mail ("e-mail" messages), analyses, reports, projections, charts, graphs, drawings, photographs, videotapes, movies, audiotapes, checks, statements, statements of accounts, inter-office and intra-office communications, offers, notes of conversations, notes of meetings, notes of telephone calls, bulletins, computer programs, computer printouts, teletypes, invoices, work sheets, work papers, diaries, calendars, minutes, reports of investigations, office manuals, and any other communications fixed in a tangible medium, including but not limited to material stored electronically or electromagnetically as well as all mechanical and electronic sound records, or transcripts thereof, from which information can be obtained.  "Document" or "documents" shall also include all drafts, alterations, modifications, changes, and amendments of any of the foregoing; "documents" shall also include any and all things subject to discovery pursuant to the Federal Rules of Civil Procedure.

2.      "All documents" shall mean every document, whether an original or copy, known to you, and every such document or writing which you can locate or discover by reasonably diligent efforts.

3.      "Plaintiff" or means Eros, LLC and any parent, division, subsidiary, predecessor, or affiliate as well as any attorney, accountant, director, officer, employee, agent, representative or any other person or entity acting or purporting to act under the direction, supervision or control of any of the foregoing.

4.      "You" or "Charter" means Charter Communications, Inc. and any parent, division, subsidiary, predecessor, or affiliate as well as any attorney, accountant, director, officer, employee, agent, representative or any other person or entity acting or purporting to act under the direction, supervision or control of any of the foregoing.

5.      "IP Address" shall mean the following Internet Protocol address used on the following dates at the following times:

**Redacted**

6.      "Account Holder" shall mean the Charter customer associated with the use of the IP Address.

7.      "MAC number" shall mean media access control number, ethernet hardware address number, or similar identifying number.

8.      "Concerning" shall mean directly or indirectly, in whole or in part, referring to, relating to, connected with, commenting on, relevant to, impinging or impacting upon, affecting, responding to, showing, describing, representing, supporting, contradicting, stating, mentioning, showing, evaluating, recording, noting, analyzing, reflecting, constituting, addressing, comprising, concerning, containing, dealing with, disclosing, discussing, evidencing, explaining, memorializing, pertaining to, setting forth, or summarizing, the subject matter described.

9.      The singular form of a word shall be interpreted as the plural and the plural form of a word shall be interpreted as the singular whenever appropriate in order to bring within the

scope of these document requests any information or documents which might otherwise be considered to be beyond their scope.

10.    Unless otherwise indicated above, any defined terms in the pleadings shall retain the same meanings herein.

11.    The terms "all" and "each" shall be construed as all and each.

12.    Words used in the masculine gender include the feminine and neuter genders.

13.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these document requests all information or documents that might otherwise be construed to be outside of their scope.

14.    The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense as necessary to bring within the scope of these document requests all information or documents that might otherwise be construed to be outside their scope.

15.    Responses are to be supplemented to the full extent required by the Federal Rules of Civil Procedure, and each such document request shall be construed to include any supplemental information, documents, knowledge or data responsive to these document requests that later is discovered by you or otherwise becomes available.  These document requests require you to provide all information and documents available to you, including all information available to you through any associated entity, affiliate, employee or agent thereof.

16.    If any document request cannot be responded to in full, respond to the extent possible and specify the reasons for your inability to respond.

17.    Each document request shall be construed separately, and no document request should be used to construe any other document request more narrowly than it otherwise would be construed.

18.    If you refuse to answer any of the following document requests in whole or in part, based on a claim that the information or documents is privileged, you shall provide a statement, signed by an attorney representing you, setting forth as to each such document request: (a) the name and title or position of all persons who know about the information and/or documents; (b) the name and title or position of recipients of the information and/or documents; (c) the place, date and manner in which the information and/or documents were created; (d) a general description of the subject matter or nature of the information and/or documents sufficient to assess whether the assertion of the privilege is valid; (e) a statement of the basis for the claim of privilege; (f) the file(s) or other place(s) of storage in which the information and/or documents is maintained; and (g) with respect to any claim of privilege relating to an attorney, his or her action, advice, or work product, and the attorney or attorneys involved.

19.    Each document request is to be answered separately and as completely as possible.  The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to respond to each document request as fully as possible.

20.    "Communication" means any manner or means of disclosure, transfer, or exchange of information whether orally or by document, or whether face-to-face, by telephone, mail or personal delivery.

21.    "All communications" shall mean every communication fixed in a tangible medium, whether an original or copy, known to you, and every such communication which you can locate or discover by reasonably diligent efforts.

**Categories of Documents Requested**

       1.      Documents sufficient to show the entirety of any identifying information provided by the Account Holder to Charter, including but not limited to name, address(es), telephone number(s) and email address(es).

       2.      Documents sufficient to identify any and all alternate accounts held by the Account Holder.

       3.      Documents sufficient to show all MAC Address(es) associated with the Account Holder.

       4.      Documents sufficient to show the complete internet connection records associated with the Account Holder's use of the IP Address.

       5.      Documents sufficient to show all information provided by the Account Holder to Charter concerning credit card or other payment methods the Account Holder used to pay Charter any sum or fee in connection with any account, product or service the Account Holder purchased, licensed or otherwise obtained from Charter.