UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| EROS, LLC, | : | CIVIL ACTION NO.: |
| | : | 8:07-CV-01158-SCB-TGW |
| Plaintiff, | : | |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| ROBERT LEATHERWOOD and | : | |
| JOHN DOES 1-10, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**FIRST AMENDED COMPLAINT - INJUNCTIVE RELIEF SOUGHT
AND DEMAND FOR JURY TRIAL**

Plaintiff Eros, LLC ("Eros") says the following by way of Complaint:

**NATURE OF THE ACTION**

1.  Eros is one of the most successful merchants doing business within the virtual world platform known as Second Life. Eros makes and sells virtual adult-themed objects within the Second Life platform.

2.  Defendant Robert Leatherwood ("Leatherwood"), has been making and selling, and continues to make and sell numerous unauthorized copies of Eros's virtual products within Second Life using Eros's trademark in violation of the Lanham Act and the Copyright Act. On information and belief, Leatherwood has been and continues to act in concert and conspiracy with a number of other persons whose identities are currently unknown to Eros, and whom Eros has designated as John Does 1 through 10 for purposes of this Complaint.

3.  Eros brings this action to recover damages arising from and to enjoin defendants' violation of the Lanham and Copyright Acts and ongoing civil conspiracy.

## PARTIES AND JURISDICTION

4. Eros is a limited liability corporation organized under the laws of Florida having its principal place of business at 16207 September Drive, Lutz, Florida 33549.

5. Defendant Robert Leatherwood is an individual residing at 7625 Sybil Drive, North Richland Hills, Texas 76180.

6. Upon information and belief, defendants John Does 1-10 ("Defendants") are individuals who reside in the United States.

7. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121, and has supplemental jurisdiction over the state law cause of action in this Complaint pursuant to 28 U.S.C. § 1367(a). This Court also has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, in that the action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

8. This Court has personal jurisdiction over defendants, and venue is proper within this District pursuant to 28 U.S.C. § 1391(a)(2) because defendants have purposefully directed their course of conduct and other infringing acts toward, and have injured, Eros, which is an entity having its principal place of business within this District, because a substantial part of the acts and omissions giving rise to the claims in this action occurred in this District, and because a substantial portion of the property that is the subject of this action is situated within this District.

## FACTUAL BACKGROUND

9. The Second Life virtual world platform ("Second Life") is an internet hosted interactive computer simulation which allows its participants to see, hear, use and modify the

simulated objects in the computer generated environment. Second Life users adopt a Second Life name and a character or "avatar" to represent themselves virtually within Second Life.

10. Linden Research, Inc. ("Linden") owns and operates Second Life, which is currently hosted at http://secondlife.com. According to Linden, there are currently over 9 million different Second Life accounts. There are Second Life users throughout the United States and in many foreign countries.

11. At all times relevant to this Complaint and continuing to the date of the filing of this Complaint, by and through the "Terms of Service" governing users' participation in Second Life, Linden has recognized and allowed Second Life users to retain all intellectual property rights in the digital content that they create, place or otherwise own within Second Life. As a result, Second Life users conduct significant commerce within Second Life each day. According to Linden, on a typical day Second Life users conduct transactions cumulatively involving well over 1 million dollars.

12. Eros is engaged in, *inter alia*, the sale of a number of adult-themed virtual objects for use within Second Life in interstate commerce to Second Life users throughout the United States and foreign countries.

13. Principally through the marketing efforts of Kevin Alderman, Eros's Chief Executive Officer (known within Second Life as "Stroker Serpentine"), Eros's products have become widely known within Second Life, with Mr. Alderman, Eros and Eros's products receiving substantial coverage from national and international technologically oriented media properties such as *ABC Australia, Wired, eBay Magazine, InformationWeek, iVillage,* and *Huff Report.*

14. Eros also routinely promotes its products throughout Second Life by placing advertisements and conducting promotional events within numerous virtual adult/social themed clubs within Second Life.

15. Eros's products have built a reputation within Second Life for performance, quality and value, and as a result, upon information and belief, are among the best selling adult-themed virtual objects within Second Life.

16. Two of these products are known as the SexGen Platinum Base Unit v4.01(hereinafter, "Item 1") and the SexGen Platinum+Diamond Base v5.01 ("hereinafter, "Item 2" and together with Item 1, the "Items"). True and correct screen shots depicting Item 1 and Item 2 as they appear within Second Life are attached as Exhibits "A" and "B", respectively.

17. Eros uses the SexGen trademark (the "Mark") to sell the Items within Second Life, and generally as a method of identifying a number of Eros's products, including but not limited to the Items.

18. Since 2005, Mr. Alderman, by and through Eros as well as a previous company that Mr. Alderman owned, has sold thousands of copies of the Items in interstate commerce to Second Life users in locations throughout the United States and in numerous foreign countries, using the Mark. Eros currently owns all rights in and to the Mark.

19. As a result of Eros's substantial sales of the Items, and Mr. Alderman's and Eros's promotional and advertising efforts, the Mark has become famous and distinctive among the relevant consuming public, serving to distinguish Eros's goods from those of its competitors and to identify Eros as the source of those goods.

20. On or about June 11, 2007, Eros filed an application to obtain federal trademark registration, serial number 77202601, for the Mark with the United States Patent and Trademark Office.

21. Eros offers the Items for sale within Second Life on a "no copy" basis, meaning that while Eros permits other Second Life users to, *inter alia*, transfer the Items that Eros sells to other Second Life users, Eros prohibits other Second Life users from making copies of the Items.

22. The Items are comprised of original material that is copyrightable.

23. Eros is the owner of the copyrights in the Items within the meaning of 17 U.S.C. § 101.

24. On or about June 25, 2007, Eros filed applications for copyright registrations for Item 1 and Item 2 with the United States Copyright Office. True and correct copies of the applications and other documents associated with the applications are attached as Exhibits "C"

25. Leatherwood maintains one or more accounts within Second Life, and is known as Volkov Catteneo within Second Life.

26. Beginning no later than in or about April, 2007, Leatherwood has made and sold, using the Mark, numerous unauthorized copies of the Items within Second Life in interstate commerce to Second Life users in locations such as Georgia, West Virginia and Great Britain, and in connection with the sales of the unauthorized copies of Items has misrepresented the copies as authorized and legitimate copies of the Items created by Eros, resulting in actual consumer confusion regarding the origin of the copies. A true and correct screen shot depicting a number of unauthorized copies of the Items that Eros has been able to obtain is attached as Exhibit "D."

27. On information and belief, Leatherwood has been acting and continues to act in concert and conspiracy with a number of other persons, including one or more Second Life users, whose identities are currently unknown to Eros, and to whom Eros refers as John Does 1-10 for the purposes of this Complaint.

28. Upon information and belief, John Does 1-10 reside within the United States.

29. On information and belief, John Does 1-10 have been acting in concert and conspiracy with Leatherwood by compensating Leatherwood for making and distributing the unauthorized copies of the Items, and/or otherwise assisting, aiding, abetting and contributing to Leatherwood's illegal conduct.

30. Defendants' acts as described herein have at all times been and continue to be willful, wanton, malicious, and committed in bad faith, with the deliberate intent to deceive or confuse the consuming public, to harm Eros in its business by trading off of the reputation and goodwill associated with the Mark, and to unjustly profit from the fame of and goodwill associated with the Mark.

31. As a direct and proximate result of defendants' acts, Eros has been damaged and continues to be irreparably damaged through the diversion of sales, profits and consumer interest from Eros to defendants, and the creation of consumer confusion and uncertainty as to the source and quality of Eros's products and its affiliation with or sponsorship of defendants.

32. Defendants will suffer no harm as the result of a grant preliminary and/or permanent injunctive relief in Eros's favor and against defendants, as defendants have no legal justification for their unauthorized use of the Mark and infringement of Eros's copyrights, and are making no legitimate use of Eros's Mark and copyrights.

33. There is a substantial likelihood that Eros will succeed on the merits of its Lanham Act, Copyright Act and civil conspiracy claims against defendants.

34. The public interest favors the entry of an injunction against defendants to protect consumers in Florida and elsewhere from the confusion, diversion, and deception that has been and is likely to continue being caused by defendants' illegal conduct.

### COUNT I
### LANHAM ACT VIOLATION-UNFAIR COMPETITION
### AND FALSE DESCRIPTION OF ORIGIN

35. Eros incorporates the allegations of paragraphs 1 through 34 as though set forth fully herein.

36. Leatherwood has falsely designated the origin of the unauthorized copies of the Items defendant has sold, and made false and misleading descriptions and representations of fact in the course of selling these copies.

37. Leatherwood's conduct as described above has caused confusion, mistake and deception as to the origin, sponsorship or approval by Eros of Leatherwood's goods and commercial activities.

38. Leatherwood's conduct was willful.

39. John Does 1-10, by virtue of their conduct described above, are contributorily liable to Eros for Leatherwood's conduct.

40. As a direct and proximate result of defendants' conduct, Eros has suffered and will continue to suffer damages from lost sales, the diversion of consumer interest, and injury to its business reputation and to the goodwill associated with its products and materials in an amount to be proven at trial.

41.   Upon information and belief, defendants continue to make unauthorized copies of the Items, and to make false and misleading descriptions and representations of fact in the course of selling these copies, and in the absence of an injunction prohibiting defendants from doing so, intend to and will continue to do so in the future.

WHEREFORE, plaintiff Eros LLC demands judgment in its favor and against defendants:

(a)   awarding Eros an amount equal to three times the damages sustained by Eros or three times defendants' profits, whichever amount is greater;

(b)   awarding Eros prejudgment interest and costs of suit;

(c)   awarding Eros reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(b);

(d)   preliminarily and permanently enjoining defendants from infringing the Mark, pursuant to 15 U.S.C. § 1116;

(e)   requiring defendants to deliver up for destruction all infringing copies of the Items bearing the Mark, and all articles by means of which infringing copies of the Items may be reproduced; and

(f)   granting such other and further relief as the Court may deem just.

## COUNT II
## COPYRIGHT INFRINGEMENT

42.   Eros incorporates the allegations of paragraphs 1 through 41 as though set forth fully herein.

43.   By Leatherwood's conduct as described above, Leatherwood has infringed Eros's copyrights in the Items.

44.   Leatherwood's infringement was willful.

45. John Does 1-10, by virtue of their conduct described above, are contributorily liable to Eros for Leatherwood's conduct.

46. As a direct and proximate result of defendants' conduct, Eros has suffered damages.

47. Upon information and belief, defendants are continuing to infringe Eros's copyrights in the Items by, *inter alia*, copying, displaying, distributing and selling copies of the Items without Eros's authorization, and in the absence of an injunction prohibiting defendants from doing so, intend to and will continue to do so in the future.

WHEREFORE, plaintiff Eros LLC demands judgment in its favor and against defendants:

(a) awarding Eros an amount equal to Eros's actual damages and any additional profits of defendants, or in the alternative, statutory damages pursuant to 17 U.S.C. § 504;

(b) awarding Eros prejudgment interest and its costs of suit;

(c) awarding Eros reasonable attorneys' fees;

(d) preliminarily and permanently enjoining defendants from infringing Eros's copyrights in the Items;

(e) requiring the impounding and destruction of all infringing copies of the Items and of all articles by means of which infringing copies of the Items may be reproduced, pursuant to 17 U.S.C. § 503; and

(f) granting such other and further relief as the Court may deem just.

## COUNT III
## CIVIL CONSPIRACY

48. Eros incorporates the allegations of paragraphs 1 through 47 as though set forth fully herein.

49. Through and as part of their conduct as alleged above, defendants conspired to "palm off" the illegal copies that Leatherwood made as items that Eros had actually made, and to thereby misappropriate Eros's labors and expenditures in connection with the creation of the Items.

50. Defendants committed numerous overt acts in furtherance of their conspiracy, including the making, sale and distribution unauthorized copies of the Items within Second Life.

51. Defendants' conduct has caused confusion among the purchasing public within Second Life as to the origin of the unauthorized copies of the Items.

52. As a direct and proximate result of defendants' conduct, Eros have suffered damages.

53. Defendants' conduct was and is intentional, wanton, malicious, outrageous and of the sort warranting the imposition of punitive damages.

54. Upon information and belief, defendants are continuing to carry out their conspiracy to palm off their unauthorized copies of the Items, and in the absence of an injunction prohibiting defendants from doing so, intend to and will continue to do so in the future.

WHEREFORE, plaintiff Eros, LLC demands judgment in its favor and against defendants:

(a) awarding Eros compensatory damages in an amount to be proven at trial;

(b) awarding Eros punitive damages;

(c) preliminarily and permanently enjoining defendants from continuing their illegal conspiracy;

(d) awarding Eros prejudgment interest and its costs of suit;

(e) awarding Eros reasonable attorneys' fees; and

(d) granting such other and further relief as the Court may deem just.

## JURY DEMAND

Eros demands a jury trial on all issues so triable.

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY PC

*A. Villoch*

Alfred Villoch III
Florida Bar No. 0631434
Sun Trust Financial Centre
401 E. Jackson Street, Suite 2500
Tampa, FL 33602-5236
Tel: (813) 222-8806
Fax: (813) 222-8189
alfred.villoch@bipc.com

Francis X. Taney, Jr., Esquire
1835 Market, 14th Floor
Philadelphia, PA 19103
Tel: (215) 665-8700
francis.taney@bipc.com

Attorneys for Plaintiff

Dated: October 24, 2007